UNITED STATES *v.* GENERAL CONCESSIONS CORP.

No. 4574.—Invoices dated Kobe, Japan, March 12, February 26, 1937.
Entered at Cleveland, Ohio, May 1, April 12, 1937.
Entry Nos. 1437, 1344.

(Decided May 18, 1939)

*Webster J. Oliver*, Assistant Attorney General (*John J. McDermott* and *Dorothy C. Bennett*, special attorneys), for the plaintiff.
*E. D. Howald* for the defendant.

CLINE, Judge: These appeals to reappraisement, which were filed by the collector of customs at the port of Cleveland, challenge the values found by the appraiser at that port on certain paper novelties, invoiced as "Paper Mustache and Beard #327," imported from Kobe, Japan. The invoices were certified by the United States consul on February 26, 1937, and March 12, 1937. The articles were manufactured by Yonezawa Shoten of Osaka, Japan, and were invoiced and entered at 0.18 yen per gross, packing included, less local freight.

At the hearing the two cases were consolidated for trial and counsel for the plaintiff introduced an affidavit of Robert V. Fitzgerald, a

United States examiner at the port of New York, which affidavit was received in evidence without objection and marked Exhibit 1. The case was then submitted without further evidence.

It appears from Exhibit 1 that two importations of the same article were entered at the port of New York, the goods having been exported from Japan on February 19, 1937, and December 19, 1937, and that the articles were invoiced and entered at 0.23 yen per gross, packing included.

Plaintiff contends in its brief that the evidence submitted is sufficient to make out a *prima facie* case and that inasmuch as no rebuttal evidence was offered the court should find that the value of the merchandise is 0.23 yen per gross, packing included.

Counsel for defendant contends that the evidence submitted is insufficient to overcome the presumption of correctness attaching to the appraiser's return as Exhibit 1 contains no statements showing the price at which such merchandise was freely offered for sale, at the time of exportation of the merchandise herein involved, in the usual wholesale quantities and in the ordinary course of trade.

The appellant in a reappraisement case has the burden of meeting every material issue involved in the case, citing *United States* v. *T. D. Downing Co.*, 20 C. C. P. A. 251, T. D. 46057; *Golding Bros. Co., Inc.* v. *United States*, 21 C. C. P. A. 395, T. D. 46926; *Stone & Downer Co. (Dennison Manufacturing Co.)* v. *United States*, 21 C. C. P. A. 479, T. D. 46958. In the case of *United States* v. *T. D. Downing Co., supra*, the court said:

We have had frequent occasion to endeavor to point out just what is required and upon whom the duty of proof primarily rests in appeals to reappraisement. In *United States* v. *Malhame & Co.*, 19 C. C. P. A. (Customs) 165, T. D. 45276, we discussed a number of questions relating to reappraisement procedure at considerable length and cited numerous cases in support of the rules there stated. We shall not here restate the principles of law and practice there outlined.

It is sufficient here to bear in mind that the importer having appealed, it was incumbent upon it to show (1) the foreign value and (2) the export value, to the end that the higher might be taken as the dutiable value, or to show (1) a foreign value and the nonexistence of an export value, or (2) an export value and the nonexistence of a foreign value. Being the appealing party, it was incumbent upon it "to meet every material issue involved in the case." *Meadows, Wye & Co. (Inc.) et al.* v. *United States*, 17 C. C. P. A. (Customs) 36, 42, T. D. 43324.

Exhibit 1 fails to establish all the elements necessary to prove value before this court. It contains no evidence showing the price at which the merchandise was freely offered for sale at the time of exportation either for export or for home consumption, none showing the usual wholesale quantities in which the merchandise was bought and sold in the ordinary course of trade, and none showing the principal market of the country of exportation. The only evidence it contains is that two shipments exported prior to the exportation of the merchandise herein involved were invoiced and entered at New York at 0.23 yen per gross, packing included.

In the absence of testimony establishing all the elements necessary to prove value in this case, I am unable to appraise the merchandise. Under such circumstances the appellate court has held that the appeal to reappraisement should be dismissed. Citing *Chas. A. Johnson & Co.* v. *United States*, 17 C. C. P. A. 107, T. D. 43432. The appeals are therefore dismissed.

Judgment will be rendered accordingly.