UNITED STATES v. HENSEL, BRUCKMANN & LORBACHER, INC.

**No. 5244.**—Invoices dated Kobe, Japan, October 7 and 13, 1936.
Entered at New York November 28, 1936 and April 27, 1937.
Entry Nos. 776236 and 861951.

Third Division, Appellate Term

(Decided May 5, 1941)

*Charles D. Lawrence*, Acting Assistant Attorney General (*William J. Vitale*, special attorney), for the appellant.

*Lawrence & Tuttle* (*George R. Tuttle* and *Charles F. Lawrence* of counsel) for the appellee.

Before CLINE, EVANS, and KEEFE, Judges; KEEFE, J., not participating

EVANS, Judge: This case comes on to be heard on application by the Government for a review of a decision of the single judge sitting in reappraisement (Reap. Dec. 5010), on two appeals that were consolidated for trial. The merchandise consists of Japanese silk described as No. 5500 Kanebo Fuji Silk (36″ by 50 yards) in natural color, bleached, and dyed in various colors. The invoices show that the merchandise was invoiced and entered in Japanese yen per yard and appraised in United States dollars per piece.

In reappraisement 120600–A the advance by the Government appraiser amounted to 8 per centum and in reappraisement 120601–A

the advance amounted to 17 per centum, according to the notices of advance sent to the importer. The single judge sitting in reappraisement found "the proper dutiable export value of the merchandise * * * to be the entered values."

The Government states the issues to be as follows:

1. Whether the importer adduced sufficient evidence to overcome the presumption of correctness attaching to the within appraisements.

2. Whether the preponderance of the evidence sustains the entered and claimed values or the appraised values.

A considerable amount of oral testimony and several exhibits consisting of affidavits, special agents' reports and certified copies of invoices of merchandise constitute the record. We will not review the testimony because the same was outlined in the decision below.

The burden of appellant's argument in support of the first issue is that the importer's testimony shows the prices contended for were those offered to the wholesale trade and not the freely offered for sale prices in the usual wholesale quantities to all purchasers as provided in section 402 (d) of the Tariff Act of 1930. It is apparent that the Government attorney overlooked the statement on exhibit 4 to the following effect:

And that the price at which this merchandise was sold was the same as that at which similar merchandise was sold or offered for sale at wholesale to other purchasers.

He also overlooked the statement on exhibit 3:

And that he does not know of any restriction in the sale of such fabric imposed by the manufacturer's agent, Kamei Shoten.

And a similar statement on exhibit 5:

And that he does not know of any restriction in the sale of such merchandise imposed by Kamei Shoten who are the sales agents of the manufacturer, Kanegafuchi Spinning Co. Ltd.

We agree with the finding of the single judge that the special agent's report, exhibit 7, makes reference to transactions too remote to be of any assistance herein. We note, however, that the decision of the lower court states:

Our examination of these papers [coll. ex. 6] fails to disclose a single item thereon of No. 5500, which according to the record is a standard brand of silk cloth.

With reference to said exhibit, which consists of photostatic copies of invoices made at various times covering silk, some of which is not identical with the silk in question, we are of the opinion that it can have little if any value as evidence of export value of the merchandise in the instant shipments. As we gather from the testimony, none of these cases was appealed to reappraisement. In the instant case the importer did appeal and has offered testimony that tends to overcome

the action of the appraiser in determining values as appraised. It is entirely possible that similar evidence might have been adduced with reference to the merchandise on the invoices covered by said exhibit 6.

Furthermore, many of the invoices are too remote for consideration, were they otherwise admissible as proof of the facts in controversy. The instant merchandise was invoiced in yen per yard. The testimony offered in support of this exhibit shows that the merchandise was invoiced and appraised at dollars per piece and there was some indication that in the prices given on some of the invoices of the cases under consideration the purchaser was granted certain allowances for defects. This last named fact, it seems to us, would affect the purchase price per yard.

We therefore hold that the lower court committed no error in declining to consider said coll. exhibit 6.

On the question of whether the court should pass on the item of 4 per centum listed as a buying commission in reappraisement 120600–A, we find that the single judge states in his decision:

In reappraisement 120600–A, counsel for the plaintiff contends that an item of 4 per centum, which was included in the entered value, should be held to be a buying commission, and, therefore, nondutiable. The record shows that this item of 4 per centum is a buying commission, and would appear to be nondutiable, but inasmuch as the same was included by the importer as a part of the entered value, and the collector cannot take duty on less than the entered value, it is not necessary for me to pass on this particular question.

However, the judge finally decides as follows:

After a careful examination of all the evidence before me I am convinced that the plaintiff has made out a *prima facie* case, sustaining the entered values. I therefore find the proper dutiable export values of the merchandise covered by these two appeals to be the entered values.

The net result of his finding is to make the 4 per centum buying commission a part of the dutiable value, although the foregoing statement clearly indicates that the judge entertained a different opinion as to the dutiability of the 4 per centum item of commission. We think that while the statute requires that the collector take duty on the entered value if and when higher than the final appraised value, there was no intention on the part of the lawmaking body to prevent the court from performing its duty of finding value as defined by the statute, and under the statute, conceding that the buying commission amounts to 4 per centum, the value of the merchandise would be the net amount after deducting said buying commission.

Furthermore, in the case of *United States* v. *F. W. Woolworth Co. et al.*, 22 C. C. P. A. (Customs) 184, T. D. 47126, the court said at page 191:

Proceeding from the function of the single judge to that of the United States Customs Court itself (or three judges thereof) it seems equally clear to us that that tribunal also is authorized and *required*, within certain limits, to find value. * * * We think that it may appraise, that is, find the dutiable value, *and that it is its duty* so to do in all cases where the appraiser had the power to appraise the merchandise at the time the appraisement was made. [Italics ours.]

However, in view of the state of the record, we cannot give the importer a judgment that would find the dutiable value of reappraisement 120600–A to be the net after deduction of the 4 per centum buying commission, because he took no appeal as to the ruling of the lower court which found the proper dutiable value in both reappraisements to be the export value as entered. Whether the court's finding that the 4 per centum commission involved in reappraisement 120600–A was a deductible item would give the importer a more favorable judgment is an academic question, not necessary to be passed upon here. The fact that the collector would be required in any event to take duty on the higher entered value under section 503 (c) of the Tariff Act of 1930 might not be the sole determining question as to what constituted a more favorable judgment. The ultimate facts are that the importer took no appeal and the decisions say all he then can do is to support the decision of the lower court. See *Johnson Co.* v. *United States*, 13 Ct. Cust. Appls. 373, T. D. 41318.

In view of the statements in the affidavits summarized above it is not necessary for us to pass upon the question as to whether or not when merchandise such as involved here, which is sold by the manufacturer to a distributor who in turn does not sell in the country of its production but sells for export to the United States only, and to a limited number of wholesalers who are said to constitute the wholesalers guild, such sales are sales in the ordinary course of trade as that term is used in section 402 (d), *supra*.

The judgment below is therefore affirmed. It is so ordered.