UNITED STATES *v.* SAMUEL S. PERRY

No. 6045.—Invoice dated Hong Kong, July 26, 1941.
　　　　　　Certified July 31, 1941.
　　　　　　Entered at Los Angeles, Calif., August 30, 1941.
　　　　　　Entry No. DE 819.

(Decided August 11, 1944)

*Paul P. Rao*, Assistant Attorney General (*Richard E. FitzGibbon* and *Daniel I. Auster*, special attorneys), for the plaintiff.

*Harper & Harper* (*Lawrence A. Harper* of counsel) for the defendant.

COLE, Judge: This appeal for reappraisement, filed pursuant to the provisions of section 501 of the Tariff Act of 1930 as amended by the Customs Administrative Act of 1938 (19 U. S. C. 1940 ed. §1501) brings for determination the proper dutiable value of an item of rattan furniture described on the invoice as "378 pcs Peel nested chairs, seat 18″ x 18″, back height 29½″," designated Item 713.

The merchandise was exported from Hongkong, China, on July 26, 1941, pursuant to orders accepted on May 20 and June 9, and was imported at the port of Los Angeles on August 30, 1941. It was entered at the invoice value of 2.52 Hongkong dollars per piece, packing included, less lighterage and coolie hire as invoiced, which the appraiser accepted as the dutiable export value, section 402 (d) of the Tariff Act of 1930 (19 U. S. C. 1940 ed. §1402 (d)), and so appraised it. Export value is defined in the statute as follows:

SEC. 402 (d) EXPORT VALUE.—The export value of imported merchandise shall be the market value or the price, at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportatation to the United States, plus, when not included in such price, the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

The appeal under consideration, taken by the collector of customs at the port of entry, is based on a higher invoice price for a subsequent shipment of identical merchandise from the same exporter to the same importer.

The invoice (plaintiff's exhibit 1) covering the later shipment was admitted in evidence through testimony of the customs examiner who officially passed the furniture referred to therein and made the advisory return of the instant merchandise. Said invoice shows a price of 2.72 Hongkong dollars per piece, and further discloses that the shipment from Hongkong on October 12, 1941, was based on an order accepted June 27.

Plaintiff contends that such higher value is the proper basis for appraisement of the item in question, relying on *White Lamb Finlay, Inc.* v. *United States*, 29 C. C. P. A. 199, C. A. D. 192, to support its contention. That case was submitted on a stipulation of facts which included concessions that "the merchandise under consideration, and merchandise similar thereto, was manufactured solely for exportation to the United States; that in the ordinary course of trade such or similar merchandise was not carried in stock by the manufacturers in Belgium for spot delivery, but was freely offered for sale to all purchasers for exportation to the United States for future delivery." The decision is clear that the court based its conclusion on the agreed set of facts before it. The meager evidence before me does not sup-

ply a comparable factual basis. Hence the statutory construction invoked there cannot be applied here.

The statement of Government counsel in their brief, that all elements entering into statutory export value, section 402 (d), *supra*, are conceded, and that the only question is the proper price representative of such dutiable value, is without effect in this case. Section 501 of the Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1501) attaches a presumption of correctness to the appraised value which carries the effect that the appraiser found every fact to exist that was necessary to sustain his action. *E. I. du Pont de Nemours & Co.* v. *United States*, 27 C. C. P. A. 146, C. A. D. 75. Certainly, therefore, the concession offered by counsel is unnecessary to the appraiser's finding. As the Government is the appealing party, it has assumed the burden of proving by competent evidence all essential factors entering into the statutory definition of export value, section 402 (d), *supra*.

The mere submission of an invoice—the only evidence before me—does not establish a *prima facie* case. Standing alone as it does, the paper has little, if any, evidentiary value in this case. There is no supporting proof that the price stated thereon was the value of such or similar merchandise prevailing under market conditions contemplated by the statute. Corroborative evidence to that effect is vital to support plaintiff's claim.

No dutiable value has been established for the above-mentioned merchandise different from that found by the appraiser, which I hold to be the proper dutiable export value. Judgment will be rendered accordingly.