CAREY & SKINNER, INC. *v.* UNITED STATES

**No. 6279.**—Invoice dated Fort Erie, North Ontario, April 29, 1940.
Entered at Peace Bridge, Buffalo, N. Y., April 29, 1940.
Entry No. 5808.

(Decided on remand [Reap. Dec. 5975] May· 29, 1946)

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Dorothy C. Bennett*, special attorney), for the defendant.

LAWRENCE, Judge:   At and prior to the time of this importation in 1940, the Irvin Air Chute, Ltd., of Ontario, Canada, which shipped the merchandise under consideration, was busily engaged in the manufacture of parachutes.   It appears from the record that an unwanted byproduct of the industry consisted of waste ends of silk cord which gradually accumulated and were disposed of from time to time by either burning or discarding as rubbish.

However, the manager of the exporting corporation, as a result of conversation with an officer of the Irving Air Chute, Inc., of Buffalo, of which the exporting corporation was a subsidiary, arranged for the present importation consisting of one carton of this waste product weighing about 100 pounds, the pieces averaging from 6 to 12 feet in length, but containing some pieces 28 to 51 feet long.

The shipment was invoiced and entered at a nominal aggregate value of $5 United States currency.   It was appraised in Canadian currency at "$10.35 per gross yds. net packed," on the statutory basis

of cost of production, section 402 (f) of the Tariff Act of 1930. It is stated that this resulted in raising the entered value from $5 net to $475, and the imposition of potential duties—"increased" and "additional"—of more than $750.

The case was originally decided in *Carey & Skinner, Inc.* v. *United States,* 11 Cust. Ct. 357, Reap. Dec. 5896. The trial judge after reviewing the record before him, and, finding in substance that there was no foreign, export, or United States value, and an absence of proof tending to establish any value different from that found by the appraiser, stated with obvious reluctance:

* * * I find nothing to disturb the action of the appraiser, which is presumptively correct, and I am constrained to adopt such value as the value to be used as the basis of duty.

Upon an application for review of Reap. Dec. 5896, *supra,* the Appellate Term, First Division, reversed the judgment of the lower court and remanded the case for further proceedings. *Carey & Skinner, Inc.* v. *United States,* 12 Cust. Ct. 352, Reap. Dec. 5975.

The salient facts of record are contained in the following recital quoted from the opinion of the First Division, *supra:*

* * * The record discloses * * * that the silk cord as originally manufactured is produced in continuous lengths of 540, 680, 780, or 1,020 linear feet; that its sole use is as parts of parachutes; that the shortest piece so used is 30 inches, which is employed to attach the pilot chute to the parachute; that the shortest continuous cord that is purchased is 54 feet; that in fitting the different lengths to parachutes the cords are stretched and there are always scrap ends of various lengths remaining; that neither the Canadian exporter nor the American importer has ever been able to find an outlet for these scrap ends; that, prior to the present importation, they were disposed of either by burning or discarding as rubbish; that the instant merchandise, consisting of such scrap ends, was ultimately disposed of as waste, having no practical use. * * *

The manager of the exporting corporation in Fort Erie, Canada, when asked why he made the shipment in question to the parent corporation in Buffalo, testified as follows:

Q. Why did you make this shipment to the Irvin Parachute Company?— A. Just through a conversation I had with Mr. Rogers in Buffalo. Previous to us getting busy, we always burned it up. He said something about giving it to the boy scouts here, so I thought we would start saving it and sending it over.
Q. To give to the boy scouts?—A. Yes.

It appears that while the division agreed with the trial judge that there was no proof of foreign, export, or United States value, it was clearly of the opinion that the appraiser had not properly applied the statutory yardstick in finding alleged cost of production, particularly in the respect that the appraiser did not have "the essential of similarity" as a basis for the determination of "The cost of materials of, and of fabrication, manipulation, or other process employed in manufacturing or producing *such or similar merchandise* * * *" as provided in section 402 (f) (1) of the Tariff Act of 1930. [Italics

supplied.] Further in its opinion, the division expressed the view that:

\* \* \* the proper disposition of this case, prior to enactment of the Customs Administrative Act of 1938, *supra,* would have been to dismiss the appeal in which event "the case would have stood as if no appeal had been taken and the appraisement made by the local appraiser would again have become vital and effective," *United States* v. *F. B. Vandegrift & Co.,* 16 Ct. Cust. Appls. 398, T. D. 43120.

In conclusion, the division observed:

The instant case, however, is subject to the requirements of the said Customs Administrative Act of 1938, which provides that the single judge "notwithstanding that the original appraisement may for any reason be held invalid or void," as *we conclude herein,* shall determine the value of the merchandise. [Italics supplied.]

It is under those circumstances that the case came before me for hearing and determination.

The conclusion of the Appellate Division above quoted, that the appraisement was invalid or void is final, no appeal having been taken from its judgment. *United States* v. *Elliot Greene & Co. et al.,* 28 C. C. P. A. (Customs) 177, C. A. D. 141.

Therefore, inasmuch as there has been no legal appraisement I shall proceed to determine the value of the merchandise "from the evidence in the entry record and that adduced at the hearing" pursuant to section 16 (b) of the Customs Administrative Act of 1938, 74 Treas. Dec. 17, T. D. 49646, "notwithstanding that the original appraisement may for any reason be held invalid or void."

At the hearing before me, the plaintiff rested its case upon the original record. The defendant introduced three customs agents' reports marked exhibits 10, 11, and 12, respectively. However, as stated by the Government in its brief, these consist—

\* \* \* of reiterations of facts already in evidence, with the exception of a statement in each report that the pieces of cord in this importation were actually used by the importer as pilot ties for large air chutes.

So far as proof tending to establish market value is concerned, however, I find nothing of substance "adduced at the hearing" before me different from that considered by the trial judge and the Appellate Division in the earlier stages of these proceedings which the division held failed to establish any value. Consequently, evidence of value to be considered by me herein is necessarily meager. However, the courts have held that an invoice unimpeached and undiscredited is not only *prima facie* evidence of what it declares, but is controlling in the absence of proof to the contrary. *United States* v. *Bloomingdale Bros. & Co.,* 10 Ct. Cust. Appls. 149, T. D. 38400, and cases cited. Therefore, in the circumstances of this case, there being no evidence to the contrary, I determine the proper value of the importation in controversy to be $5 United States currency, as invoiced and entered.

During the course of the trial, the Government moved to dismiss the appeal—

* * * on the ground that the record contains no competent evidence to support a finding of foreign value as defined in section 402 (c), nor of export value as defined in section 402·(d), nor of United States value as defined in section 402 (e), and the record contains no competent evidence of any cost of production as defined in section 402 (f) different than the cost of production returned by the appraiser.

The motion was taken under advisement to be disposed of when the case was decided. It is hereby denied and an exception allowed.

Judgment will be entered herein in accordance with the reasons expressed in the foregoing opinion.