FUJII JUNICHI SHOTEN, LTD., ET AL. *v.* UNITED STATES

No. 7310.—Invoices dated Yokohama, Japan, 1940.
Entered at Honolulu, T. H., May 28, 1940, etc.
Entry Nos. 3510; 600.

(Decided June 24, 1947)

*Lawrence & Tuttle (George R. Tuttle* and *George J. Evans* of counsel) for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General *(Richard E. FitzGibbon, Arthur R. Martoccia, Harold L. Grossman, Daniel I. Auster, Samuel D. Spector,* and *Howard L. Harawitz,* special attorneys), for the defendant.

CLINE, Judge: These appeals to reappraisement are brought by the importers against the appraiser's action in advancing the values of two shipments of a savory salt, known as ajinomoto, exported from

Japan on May 18, 1940, and August 16, 1940, respectively. They were entered and appraised as follows:

| Description | | Entered value per case | Appraised value per case |
|---|---|---|---|
| Reappt. No. 144167–A: | | | |
| 1¾ oz. x 10 dz. petit tins | US $17.648 | Yen 68.20 |
| 3½ " " 10 dz. small " | " 32.353 | US $37.52 |
| 7 " " 5 " medium " | " 30.392 | " 36.19 |
| 14 " " 5 " large " | " 33.334 | " 36.97 |
| 2½ lbs. x 2 " giant " | " 60.784 | ". 55.96 |
| Reappt. No. 144096–A: | | | |
| 1¾ oz. x 10 dz. tins | US $17.57 | Yen 68.20 |
| 3½ " " 10 " " | " 32.21 | US $37.52 |
| 7 " " 5 " " | " 30.252 | " 36.19 |
| 14 " " 3 " " | " 33.183 | " 36.96 |

The first items in each case, the 1¾-oz. tins, were appraised on the basis of foreign value, and the balance on the basis of United States value. There is no dispute as to the appraisement of the first items, but plaintiffs contend that the balance of the shipments should also have been appraised on the basis of foreign value, on the ground that another product, ajinokagami, was similar to the product herein, ajinomoto, and that it had been appraised in Los Angeles on the basis of foreign value. Alternatively, they claim that the invoice values herein represent the export values.

The record contains a great deal of evidence in regard to the similarity of ajinomoto and ajinokagami, but my view of the case makes it unnecessary to discuss this point.

Assuming, but not deciding, that ajinomoto and ajinokagami are similar merchandise, the burden is still upon the plaintiffs to show the foreign or export value of ajinokagami which they deem applicable. The party appealing to reappraisement has the burden not only of overcoming the presumption of correctness of the appraiser's valuation, but of proving the correct dutiable value. *Harry Garbey* v. *United States*, 24 C. C. P. A. 48, T. D. 48332. He must show the foreign value and the export value, or a foreign value and the nonexistence of an export value, or an export value and the nonexistence of a foreign value. *United States* v. *T. D. Downing Co.*, 20 C. C. P. A. 251, T. D. 46057.

In the instant case, the only evidence of foreign or export value of ajinokagami is the statement by George R. Gulick, appraiser at Los Angeles, that he had appraised three entries thereof on the basis of foreign value. There was also a stipulation as to a certain Honolulu entry appraised by Ross A. Bemrose, to the effect that there was nothing therein indicating an appraisal at any value other than either foreign or export value. The values at which these appraisements were made are included in the record. It is plaintiffs' contention that

this testimony establishes a foreign value for ajinokagami, which should have been the basis for the appraisal of the ajinomoto herein.

This type of proof was offered by the Government and rejected by the court in *United States* v. *General Concessions Corp.*, 2 Cust. Ct. 951, Reap. Dec. 4574, where there was admitted into evidence an affidavit of the examiner at New York stating that two importations of the same article had been invoiced and entered at a value higher than that found by the appraiser in the case under consideration. The court said (p. 952):

Exhibit 1 fails to establish all the elements necessary to prove value before this court. It contains no evidence showing the price at which the merchandise was freely offered for sale at the time of exportation either for export or for home consumption, none showing the usual wholesale quantities in which the merchandise was bought and sold in the ordinary course of trade, and none showing the principal market of the country of exportation. The only evidence it contains is that two shipments exported prior to the exportation of the merchandise herein involved were invoiced and entered at New York at 0.23 yen per gross, packing included.

In *Sears, Roebuck & Co.* v. *United States*, 31 C. C. P. A. 36, C. A. D. 246, there were in evidence certain invoices of Montgomery Ward & Co. covering importations of similar merchandise from another manufacturer than the maker of the importation under consideration. It was held that these were insufficient to establish values for the imported merchandise inasmuch as they did not indicate that the other merchandise was freely offered for sale to all purchasers in the principal markets of Germany for export to the United States at the prices therein set forth.

A further reason for not accepting invoices of other merchandise as proof of value exists where there has been no appeal to reappraisement regarding them. In *United States* v. *Citrus & Allied Essential Oil Co.*, 16 Cust. Ct. 349, Reap. Dec. 6273, there were in evidence certain entry papers which had been liquidated, showing that merchandise "such" as the merchandise involved in the reappraisement had been invoiced, entered, and appraised at a higher value. The court gave no weight to these exhibits, stating:

To give any weight to the values shown on these exhibits would be to clothe them with evidentiary value which obviously they do not possess. These exhibits in and of themselves do not tend to establish any statutory value. In view of the fact that the orange oil covered by said exhibits was "such" orange oil as that here involved, that it was sold in the same principal market as the involved merchandise, and on dates not far removed from the dates on which the involved merchandise was sold, it would appear that the evidence herein, which establishes a value of $2.40 per pound, was available and might well have been applied to the orange oil covered by said exhibits, had the value thereof been tested by an appeal to reappraisement. In that event these exhibits would show a final appraised value

of the orange oil of $2.40 per pound. Under such circumstances these exhibits would not now be available to show any statutory value higher than $2.40 per pound.

See also *United States* v. *Hensel, Bruckmann & Lorbacher, Inc.,* 6 Cust. Ct. 936, Reap. Dec. 5244.

Apparently none of these cases involved valuations by one appraiser on the basis of foreign value and by another on the basis of United States value, but they do hold that an invoice in one case cannot by itself prove value in another case. An appraisal by one appraiser, which is presumptively correct, cannot be used to impeach another appraisal by a different appraiser, also presumptively correct.

Plaintiffs' only proof of foreign value herein consists of appraisements involving other entries. There is nothing to show that appeals to reappraisement were taken in any of them. Had such appeals been made, it might have been shown that no foreign values actually existed for ajinokagami. It cannot be held that the foreign value, if any, of ajinokagami has been established by the evidence herein.

The alternative claim of plaintiffs that the invoice values represent export values is untenable. The invoices merely show that the goods were purchased from a Japanese firm for a certain price and were exported to the United States. They do not show the price at which the merchandise was "freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade."

It has been held that where the appraisement is invalid, invoices may be the controlling evidence of value, in the absence of other evidence. *United States* v. *Bloomingdale Bros. & Co.,* 10 Ct. Cust. Appls. 149, T. D. 38400, and cases cited therein; *Carey & Skinner, Inc.* v. *United States,* 16 Cust. Ct. 361, Reap. Dec. 6279. But where the appraisement is valid, the rule is "that the presumption in favor of the correctness of official action must prevail over contrary invoice statements when the latter are supported by no other evidence." *United States* v. *Goodhand-Grafmuller, Inc.,* 12 Cust. Ct. 448, 451, Reap. Dec. 6004.

On the record as presented, I hold that the presumption in favor of the values found by the appraiser has not been overcome. I therefore find the proper basis of valuation to be the foreign value as to the 1¾-oz. tins and the United States value as to the balance, and that such values are the appraised values of each item.

Judgment will be rendered accordingly.