(R.D. 11272)

MIDWOOD INDUSTRIES, INC. *v.* UNITED STATES

<hr>

Entry No. 229, etc.

(Decided March 8, 1967)

*Siegel, Mandell & Davidson* (*Allan H. Kamnitz* of counsel) for the plaintiff.
*Barefoot Sanders*, Assistant Attorney General (*Charles P. Deem* and *Avram Weisberger*, trial attorneys), for the defendant.

FORD, Judge: The cases listed in schedule "A," annexed hereto and made part hereof, are directed against the appraisements of various importations of steel fittings exported from West Germany and entered at Chicago, Ill., New York, N.Y., and Houston, Tex. They were appraised on the basis of export value, as said value is defined

in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165. The appraiser at Houston appraised the fittings at the invoiced unit values, less 28/5/3/50 percent and the appraiser at Chicago appraised the merchandise at a *per se* figure, less a discount of 28/50/5 percent in one instance and 28/5/55 percent in another instance. The appraiser at the port of New York appraised the merchandise at a *per se* figure, less a discount of 28/50/5 percent.

The parties are in agreement that the merchandise does not appear on the final list as promulgated in 93 Treas. Dec. 14, T.D. 54521, and that export value as provided for in section 402(b), *supra*, represents the proper basis of appraisement. However, plaintiff herein contends that the invoiced prices, less 28/5/55 percent, represent the proper export value.

The record herein consists of an affidavit of the manufacturer which was received in evidence as plaintiff's collective exhibit 1. Attached to said affidavit are pricelists of the manufacturer and a list of sales to plaintiff and other American importers.

Since the parties are in agreement as to the basis of appraisement, the sole issue appears to be one of discount. It is, however, to be noted that in most instances, the price values conformed to the pricelist of September 1959. The affidavit establishes that the prices to plaintiff were based upon this pricelist. In one instance, appraisement was apparently made on the basis of the April 1959 pricelist. The actual appraised invoiced unit value, however, does not appear to be in dispute.

Plaintiff argues that the difference in discount allowed by the appraisers at Houston, Chicago, and New York vitiates the presumption of correctness attaching to the appraised value. The court in the case of *Fujii Junichi Shoten, Ltd., et al.* v. *United States*, 19 Cust. Ct. 198, R.D. 7310, affirmed *Fujii Junichi Shoten, Ltd., et al.* v. *United States*, 22 Cust. Ct. 432, R.D. 7690, had before it for consideration different bases of appraisements by different appraisers The trial court therein stated, "An appraisal by one appraiser, which is presumptively correct, cannot be used to impeach another appraisal by a different appraiser, also presumptively correct." Accordingly, the position of plaintiff that the presumption of correctness herein is vitiated is untenable.

The affidavit herein establishes that sales to the importer were made on the basis of the September 1959 pricelist, less 28/5/55 percent. Even if I were to find that the list of sales attached to plaintiff's collective exhibit 1 establishes 8,000 pieces as the usual wholesale quantity under the definitions as set forth in section 402(f)(5), Tariff Act of 1930, as amended, the record is barren of any evidence which estab-

lishes that the discount of 28/5/55 percent was freely offered to all purchasers of 8,000 or more pieces. In a situation such as is involved herein, for a discount to be a nondutiable item, it must be freely offered to all purchasers who buy in the usual wholesale quantity and in the ordinary course of trade.

Accordingly, plaintiff herein has failed to overcome the presumption of correctness attaching to the action of the various appraisers involved herein.

I, therefore, find as matters of fact:

1. The involved merchandise consists of steel fittings exported from West Germany.

2. That the involved merchandise is not on the final list.

3. That on or about the dates of exportation herein such or similar merchandise was not sold or freely offered for sale in West Germany, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States at the prices set forth in the September 1959 pricelist, less discounts of 28/5/55 percent.

I conclude as matters of law:

1. That export value, as defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165, is the proper basis of the appraisement.

2. That the appraised value represents the proper dutiable value. Judgment will be entered accordingly.