(V.D. 141)

SILVINE IMPORTERS, INC. *v.* UNITED STATES

Entry Nos. 12027; 13514.

(Decided January 9, 1968)

*Leonard A. Green* for the plaintiff.

*Edwin L. Weisl, Jr.,* Assistant Attorney General, for the defendant.

DONLON, Judge: The foregoing protest is before me on remand (*Silvine Importers, Inc.* v. *United States*, 57 Cust. Ct. 362, C.D. 2821) to determine the value of certain brewmasters and detachable electric cords with plugs.

The merchandise was appraised on the basis of export value, and there is no controversy as to the correctness of the basis on which the merchandise was valued. Nor is there any controversy as to the aggregate value of the merchandise. Controversy is solely as to the division of such value between certain brewmasters and their detachable cords.

Counsel for the parties have submitted the valuation issue on the following stipulation:

It is hereby stipulated and agreed by and between counsel for the plaintiff and the Assistant Attorney General, attorney for the United States, as follows:

1. That all of the electric pots called brewmasters on Warehouse Entry 12027; to wit, 9600 brewmaster, 9635 brewmaster, 9955 brewmaster, and the 9940 brewmaster, and the detachable electric cords with plugs, is the merchandise which was held to be subject to appraisement separately in C.D. 2821.

2. That the aforesaid merchandise does not appear on the final list published by the Secretary of the Treasury, under the Customs Simplification Act of 1956, T.D. 54521.

3. That the proper basis for determining the value of the merchandise herein is the export value, as defined in Section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956 (19 U.S.C.A. § 1401–a.).

4. That such or similar merchandise at the time of exportation to the United States, was freely sold in the principal markets of the country of exportation in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, including the costs of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition ready for shipment to the United States at the values stated in Appendix A, attached hereto.

It is further submitted [sic] and agreed that the matter be submitted on this Stipulation.

Appendix A, attached to the said stipulation and incorporated therein, is as follows:

| Quantity | | Description | Unit Price | Total |
|---|---|---|---|---|
| 1512 | No. 9600 | Brewmaster in white | .6545 | $989.60 |
| 504 | No. 9635 | Brewmaster with blue rose | .7070 | $356.32 |
| 1488 | No. 9955 | Brewmaster in grey | .6020 | $895.77 |
| 504 | No. 9940 | Brewmaster in yellow | .6020 | $303.40 |
| | | TOTAL VALUE | | $2,545.09 |
| 4008 | | Electric Cords & Plugs | .088 | $352.70 |

Accepting this stipulation as an agreed statement of facts, I find and hold that export value, as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, is the proper basis for valuing the merchandise at bar, and that said values for the respective articles at bar are the values shown in appendix "A", attached to and made a part of this decision and of the judgment order entered herein.

Judgment will be entered accordingly.