(C.D. 3319)

DAVIES, TURNER & Co. v. UNITED STATES

United States Customs Court, Third Division

(Decided February 28, 1968)

*Allerton deC. Tompkins* for the plaintiff.
*Edwin L. Weisl, Jr.,* Assistant Attorney General, for the defendant.

Before RICHARDSON and LANDIS, Judges

RICHARDSON, Judge: The instant protest was submitted to the court for decision upon a stipulation which reads:

It is hereby stipulated and agreed by and between counsel for the Plaintiff, and the Assistant Attorney General for the United States, Defendant, subject to the approval of the court, that the merchandise under protest consists of bottle blowing machines, or parts thereof, which on liquidation were assessed with duty at 13¾% ad valorem under Paragraph 353, Tariff Act of 1930, as modified, at appraised values that were higher than the entered values.

That prior to liquidation the collector of customs at Philadelphia prepared a notice of an advance in value on Customs Form 4301 and followed the same delivery procedure that was the subject of decision in the case of *Davies, Turner & Co. v. United States*, C.D. 2724, where said notice was not delivered by mail but was deposited in a receptacle maintained in the Collector's office for use by persons to whom such notices were directed and, as in that case, the custom house broker,

Davies, Turner & Co., claims that he never received the said notice of an advance in value, and he did not file an appeal to reappraisement.

It is further stipulated and agreed that the record in the case of *Davies, Turner & Co. v. United States*, C.D. 2724, be incorporated in the record in this case, and that the protest be submitted on this stipulation.

Accepting this stipulation as evidence of the facts and upon the authority of the case cited therein we hold that the claim in the protest that notice of advance was not given and that liquidation of the involved entry is illegal is sustained.

Judgment will be entered accordingly.