(V.D. 144)

VIKING IMPORTRADE, INC. *v.* UNITED STATES

Entry No. 1024860.

(Decided April 22, 1968)

*Siegel, Mandell & Davidson* for the plaintiff.
*Edwin L. Weisl, Jr.,* Assistant Attorney General, for the defendant.

LANDIS, Judge: This case having come before me on remand, 28 U.S.C., section 2636(d), from protest in *Viking Importrade, Inc.* v. *United States*, 59 Cust. Ct. 897, Abstract P67/356, was abandoned on call of the calendar at New York on February 6, 1968.

The merchandise on remand consists of electric soup tureens with detachable electric cords, appraised and liquidated as an entirety. The *Viking* decision to remand, in which counsel stipulated that the merchandise was similar in all material respects to that in *Silvine Importers, Inc.* v. *United States*, 57 Cust. Ct. 362, C.D. 2821, held that the soup tureens and cords were properly dutiable as separate articles and that a liquidation based on a void appraisement as entireties was without legal effect. As the matter comes to me, there is no legally effective value upon which these soup tureens and detachable cords can be liquidated and duty assessed.

While an abandoned case is usually adjudged dismissed, I have found no precedent and, indeed, am of opinion that it would be improper to dismiss a case on remand under section 2636(d) which provides as follows:

(d) If upon the hearing of a protest, the court declares an appraisement of merchandise made after the effective date of the Customs Administrative Act of 1938 to have been invalid or void, it shall remand the matter to a single judge who shall determine the proper dutiable value of such merchandise in the manner provided by this chapter. In such proceeding no presumption of correctness shall attach to the invoice or entered values. (June 25, 1948, c. 646, 62 Stat. 981.)

Plaintiff realizing that its abandonment on remand can have no legal effect under the above statute has now moved that the abandon-

ment be set aside, that the official papers be received in evidence and, in effect, asks that the case be submitted on the claim that the value of the soup tureen, with its electric element and ceramic ladle is 80 cents per unit, and the value of the cord is 10 cents per unit, as invoiced. Defendant has no objection.

The motion to set aside the abandonment and accept the official papers in evidence is granted.

On a record similar to that before me, export value, as defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, T.D. 54165, was held the proper basis for valuing soup tureens and electric cords which are not on the final list published by the Secretary of the Treasury under the Customs Simplification Act of 1956, T.D. 54521. *Silvine Importers, Inc.* v. *United States*, 60 Cust. Ct. 977, V.D. 141, on remand from *Silvine Importers, Inc.* v. *United States*, 57 Cust. Ct. 362, C.D. 2821.

Since this case was remanded on stipulation that the items tureen and cord are the same in all material respects as those in *Silvine, supra*, I find and hold that, on this record, export value as defined in section 402(b), as amended, is the proper basis for valuing said merchandise and that the value of the soup tureen with electric element and ceramic ladle is 80 cents per unit, and the value of the cord is 10 cents per unit, as the official papers show.

It is so ordered. Let judgment enter accordingly.