Order will issue accordingly.

(V.D. 155)

DAVIES, TURNER & CO. *v.* UNITED STATES

Entry No. 11983.

(Dated July 29, 1969)

*Allerton deC. Tompkins*, for the plaintiff.
*William D. Ruckelshaus*, Assistant Attorney General, for the defendant.

## MEMORANDUM TO ACCOMPANY ORDER

ROSENSTEIN, Judge: This matter is before me on remand from proceedings decided by this court in *Davies, Turner & Co.* v. *United States*, 60 Cust. Ct. 208, C.D. 3319 (1968), wherein it was held that the appraisement was incomplete and the ensuing liquidation based thereon was invalid.

Pursuant to the provisions of 28 U.S.C. § 2636(d), the matter was remanded to me to determine the proper dutiable value of the merchandise.

Plaintiff noticed the case for trial and filed its statement under Rule 15(d) on March 19, 1969. Subsequently, counsel for plaintiff abandoned the case at the call of the calendar in Philadelphia on April 9, 1969.

Defense counsel, who had not yet filed a statement pursuant to Rule 15(d) implicitly acquiesced in the abandonment by standing mute.

However, lacking a valid appraisement, the merchandise at bar cannot be liquidated and assessed for duty as required by law. Therefore, an abandonment under these circumstances is improper and of no legal effect. *Viking Importrade, Inc.* v. *United States*, 60 Cust. Ct. 982, V.D. 144 (1968).

Moreover, a judge to whom a case has been remanded pursuant to 28 U.S.C. § 2636(d) must find a value for the subject merchandise. This section provides that—

> If upon the hearing of a protest, the court declares an appraisement of merchandise made after the effective date of the Customs Administrative Act of 1938 to have been invalid or void, it shall remand the matter to a single judge who shall determine the proper dutiable value of such merchandise in the manner provided by this chapter. In such proceeding no presumption of correctness shall attach to the invoice or entered values. * * *

See also *Carey & Skinner, Inc.* v. *United States*, 16 Cust. Ct. 361, R.D. 6279 (1946); *A. Hirschberg* v. *United States*, 30 Cust. Ct. 104, C.D. 1505 (1953), reversed on other grounds, *United States* v. *A. Hirschberg*, 42 CCPA 61, C.A.D. 571 (1954).

Under the circumstances, the interests of justice will be served and the mandate of section 2636(d) complied with by (1) ordering the case set down for hearing before me at Philadelphia on October 24, 1969, and (2) directing defendant to file its statement under Rule 15(d) on or before October 14, 1969.

Order will issue accordingly.